UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. JACQUES, | No. 2: 21-cv-0144 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| B. FERERKINS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion for an extension of time to respond to plaintiff's discovery requests, including a set of requests for admissions, a set of interrogatories and a set of requests for production of documents addressed to each of the four defendants. (ECF No. 29.) Plaintiff filed a notice of non-opposition to defendants' motion.[1] (ECF No. 28.) Good cause appearing, defendants' motion for an extension of time is granted.

In the notice of non-opposition, plaintiff requests a modification of the scheduling order. (Id.) Plaintiff requests that the November 29, 2021 discovery deadline be extended to December 29, 2021, and the February 8, 2022 dispositive motion deadline be extended to March 18, 2022.

---

[1] Plaintiff filed his notice of non-opposition after a telephone conference with defense counsel where she discussed the pending request for extension of time with plaintiff. (ECF No. 28 at 1.) For that reason, plaintiff's notice of non-opposition was filed before defendants' pending request for extension of time.

1

(Id.) Plaintiff contends that he may serve further discovery requests on defendants depending on their responses to his pending discovery requests. (Id.) Plaintiff also alleges that his law library access is restricted due to a COVID-19 outbreak. (Id.)

In the motion for extension of time, defendants state that they do not oppose plaintiff's request to modify the scheduling order. (ECF No. 29.)

Under Federal Rule of Civil Procedure 16, scheduling orders may be modified—and discovery reopened—on a showing of "good cause." Fed. R. Civ. P. 16(b). The focus of the good cause inquiry is on the "moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

Plaintiff's claim that he may need to serve additional discovery requests, depending on defendants' response to his pending discovery requests, is not good cause to extend the discovery deadline at this time. If plaintiff determines that he requires additional discovery after reviewing defendants' responses, he may file a renewed motion to extend the discovery deadline. In addition, if plaintiff's ability to prepare pleadings is hindered by inadequate law library access, he may request extensions of time.

For the reasons discussed above, the undersigned finds that plaintiff has not shown good cause to modify the scheduling order.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for an extension of time to respond to plaintiff's requests for admissions, requests for production of documents and interrogatories (ECF No. 29) is granted; defendants shall serve these responses on or before November 15, 2021;
2. Plaintiff's request to modify the scheduling order, contained in his statement of non-opposition (ECF No. 28) is denied without prejudice.

Dated:  October 28, 2021

Jacq44.eot

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE