UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. JACQUES, | No. 2: 21-cv-0144 KJM KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| B. FERERKINS, et al., | |
| Defendants. | |

Introduction

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On March 14, 2022, plaintiff filed a motion to substitute parties. (ECF No. 42.) On March 30, 2022, plaintiff filed a second motion to substitute parties. (ECF No. 47.) In this second motion, plaintiff requests that the motion to substitute filed March 14, 2022, be disregarded. (Id. at 3.)

Good cause appearing, the motion to substitute filed March 14, 2022, is disregarded. For the reasons stated herein, the undersigned recommends that the motion to substitute filed March 30, 2022, be denied.

Discussion

On November 23, 2021, defendants filed a suggestion of death upon the record pertaining to the death of defendant Frerik, aka Fererkins. (ECF No. 31.) Pursuant to Federal Rule of Civil

1

1  Procedure 25, a motion for substitution of a proper party must be filed no later than ninety days
2  after the death is suggested on the record.
3     On March 11, 2022, the undersigned granted plaintiff a sixty-days extension of time to file
4  his motion for substitution.  (ECF No. 41.)
5     On March 30, 2022, plaintiff filed the pending motion to substitute parties.  (ECF No. 47.)
6  Plaintiff moves to substitute David and Sunita Frerik as the successors or personal representatives
7  of defendant Frerik. (Id. 47 at 4.)
8     On April 5, 2022, defendants filed an opposition to plaintiff's motion to substitute parties.
9  (ECF No. 48.)  Defendants argue that plaintiff's motion should be denied for failing to comply
10 with California Probate Code § 9370(a).  The undersigned discusses this argument herein.
11    The law of the forum state determines whether a section 1983 action survives or is
12 extinguished upon the death of a party.  See 42 U.S.C. § 1988(a); Robertson v. Wegmann, 436
13 U.S. 584, 592-95 (1978).  Under California law, "[e]xcept as otherwise provided by statute, a
14 cause of action for or against a person is not lost by reason of the person's death, but survives
15 subject to the applicable limitations period." Cal. Civ. Proc. Code § 377.20(a).  "Subject to Part 4
16 (commencing with Section 9000) of Division 7 of the Probate Code governing creditor claims, a
17 cause of action against a decedent that survives may be asserted against the decedent's personal
18 representative or, to the extent provided by statute, against the decedent's successor in interest."
19 Cal. Civ. Proc. Code § 377.40.  "That introductory phrase in California Code of Civil Procedure
20 § 377.40 is critical—the plaintiff must comply with the claims presentation requirements of
21 California Probate Code § § 9000, et seq., or he will be unable to pursue his cause of action
22 against the decedent's personal representative." Hightower v. Birdsong, 2017 WL 3782691, at *2
23 (N.D. Cal. Aug. 31, 2017) (citing Cal. Prob. Code § 9370(a).
24    According to California Probate Code § 9370:

> (a) An action or proceeding pending against the decedent at the time of death may not be continued against the decedent's personal representative unless all of the following conditions are satisfied:
>
> (1) A claim is first filed as provided in this part.
>
> (2) The claim is rejected in whole or in part.

2

> (3) Within three months after the notice of rejection is given, the plaintiff applies to the court in which the action or proceeding is pending for an order to substitute the personal representative in the action or proceeding. This paragraph applies only if the notice of rejection contains a statement that the plaintiff has three months within which to apply for an order for substitution.
>
> (b) No recovery shall be allowed in the action against property in the decedent's estate unless proof is made of compliance with this section.

Cal. Prob. Code § 9370.

Plaintiff is required to comply with the claims presentation requirement set forth in California Probate Code § 9370 prior to substitution. Suarez v. Beard, 2019 WL 4571946, at *9-10 (E.D. Cal. Sept. 20, 2019) (citing Martinez v. Patton, 2019 WL 3997484, at *4-5 (N.D. Cal. Aug. 23, 2019); Hightower, 2017 WL 3782691, at *2-3; Hightower v. Birdsong, 2018 WL 4005374, at *3 (N.D. Cal. Aug. 17, 2018)); but see Akhtar v. Mesa, No. 2:09-cv-2733 MCE AC P, 2013 WL 3199074, at *3 (E.D. Cal. June 21, 2013) (substitution permitted without mention of the claims presentation requirement)).

Because plaintiff does not allege nor demonstrate that he complied with the claims requirement set forth in California Probate Code § 9370, plaintiff's motions for substitution should be denied.

In his reply to defendants' opposition, docketed as an "opposition" (ECF No. 49), filed April 18, 2022, plaintiff alleges that he cannot comply with the claims requirement set forth in California Probate Code § 9370 because physical access to the law library is prohibited due to COVID-19 restrictions. (ECF No. 49 at 1-2.) Plaintiff contends that he requires physical access to the law library in order to use the computers. (Id. at 2.)

The undersigned cannot excuse plaintiff's compliance with the claims requirement set forth in California Probate Code § 9370. While plaintiff alleges that he does not have physical access to the law library, plaintiff does not allege that he is being denied access to legal materials from the law library by other methods, such as a paging system. For these reasons, the undersigned is not persuaded by the arguments raised in plaintiff's reply regarding why his motion to substitute should be granted or otherwise deferred.

Motion for Appointment of Counsel

Plaintiff separately filed a motion for appointment of counsel. (ECF No. 46.) Plaintiff appears to request that counsel be appointed to assist him with his motion to substitute as well as generally litigating this action.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to substitute parties filed March 14, 2022 (ECF No. 42) is disregarded;

2. Plaintiff's motion for appointment of counsel (ECF No. 46) is denied; and

IT IS HEREBY RECOMMENDED that plaintiff's motion to substitute parties filed March 30, 2022 (ECF No. 47) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 23, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Jac144.ord(3)