UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. JACQUES, | No. 2: 21-cv-0144 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| B. FERERKINS, et al., | |
| Defendants. | |

I.   Introduction

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are plaintiff's motion to compel (ECF No. 50) and plaintiff's motion requesting a copy of her deposition transcript (ECF No. 51).  For the reasons stated herein, plaintiff's motions are denied.

II.   Plaintiff's Motion to Compel

A.   Timeliness of Plaintiff's Motion

Plaintiff moves to compel further responses to request for production of documents nos. 5-9  (ECF No. 50 at 1.)

In the opposition, defendants argue that plaintiff's motion to compel, filed April 18, 2022, is not timely.  (ECF No. 52 at 3-4.)  Defendants state that the discovery deadline was November 29, 2021.  (See ECF No. 25 (discovery and scheduling order).)

1

For the reasons stated herein, plaintiff's motion to compel is denied as untimely.

Defendants requested an extension of time until November 15, 2021, to respond to plaintiff's discovery requests, including the at-issue request for production of documents. (ECF No. 29.) In her notice of non-opposition to defendants' request for extension of time, plaintiff requested a modification of the scheduling order. (ECF No. 28.) Plaintiff requested additional time to serve further discovery requests, depending on defendants' responses to her pending discovery requests. (Id.)

On October 28, 2021, the undersigned granted defendants' request for extension of time until November 15, 2021, to respond to plaintiff's discovery requests. (ECF No. 30.) The undersigned denied plaintiff's request to modify the scheduling order because plaintiff's claim that she may need additional time to serve additional discovery requests was not good cause to modify the scheduling order. (Id.) The undersigned advised plaintiff that if she determined that she required additional discovery after reviewing defendants' responses, she could file a renewed motion to extend the discovery deadline. (Id.)

In the pending motion to compel, plaintiff requests that the court modify the scheduling order to deem her motion to compel timely. (ECF No. 50 at 2.) However, plaintiff fails to address why she waited over four months after the discovery deadline to file the pending motion to compel. Plaintiff also does not address why she failed to file a motion for extension of time to file a motion to compel after receiving defendants' responses to her request for production of documents.

In the reply to defendants' opposition, plaintiff contends that in her notice of non-opposition to defendants' request for extension of time to respond to her discovery requests, she sought an extension of time to file a motion to compel. (ECF No. 57.) This was not clear to the undersigned when reviewing plaintiff's statement of non-opposition. Moreover, the court's alleged misunderstanding of the grounds of plaintiff's request to modify the scheduling order in her notice of non-opposition does not explain why plaintiff waited over four months after the discovery deadline to file the pending motion to compel.

////

In the reply, plaintiff offers other explanations for her failure to file a timely motion to compel:

> 10. Plaintiff as a mistake, due to massive outbreaks in Mule Creek State Prison COVID-19 could not access the law library physically. Plaintiff could have mistaken and thought she refiled a motion to compel. Plaintiff is also litigating 5 additional 42 U.S.C. § 1983's. Plaintiff also was transferred to administrative segregation and doesn't have full access to her legal property. The law library is still closed due to COVID-19.
>
> 11. Plaintiff has filed multiple motions with the courts (i.e., motions for appointment of counsel, substitution of parties, declarations, non-oppositions, etc.). Plaintiff honestly thought she filed a renewal of a motion to compel. Plaintiff is not intentionally being defiant to the court's orders, nor looking for special treatment. A mistake is unfortunate, not intentional  Plaintiff has been timely throughout the litigation of this entire case.

(Id. at 10.)

Plaintiff suggests that denial of full access to her legal property and the law library prevented her from filing a timely motion to compel. However, plaintiff filed the pending motion despite allegedly being subject to these conditions.

Plaintiff also suggests that she mistakenly believed that she previously filed a motion to compel. Plaintiff suggests that this mistaken belief was caused by her litigating multiple civil rights actions and filing multiple pleadings in the instant action. These circumstances are not good cause to deem the pending motion to compel timely.

Based on plaintiff's failure to show good cause for the delay in filing the motion to compel, plaintiff's motion to compel is denied as untimely. Fed. R. Civ. P. 16(b) (scheduling orders may be modified on a showing of good cause); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9thCir. 1992) (the focus of the good cause inquiry is on the "moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.")

In the opposition, defendants also address the merits of plaintiff's motion to compel. In an abundance of caution, the undersigned also addresses the merits of plaintiff's motion. For the reasons stated herein, plaintiff's motion to compel is denied on the merits.

////

////

B. <u>Merits of Motion To Compel</u>

In the motion to compel plaintiff seeks further responses to request for production of documents nos. 5-9. (ECF No. 50 at 3.) In the reply to defendants' opposition, plaintiff states that she is "not concerned any longer" with request nos. 5-6. (ECF No. 57 at 7.) Plaintiff states that she is "only focused" on request nos. 7-9. (<u>Id.</u>) Accordingly, the undersigned herein addresses only request nos. 7-9.

*Legal Standard for Motion to Compel*

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." <u>Id.</u> The court, however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." <u>Bryant v. Ochoa</u>, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (citations omitted). "Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." <u>Id.</u> The opposing party "has the burden to show that discovery should not be allowed…" <u>DIRECTV, Inc. v. Trone</u>, 209 F.R.D. 455, 458 (C.D. Cal. 2002).

*Plaintiff's Claims*

This action proceeds on plaintiff's complaint as to defendants Fererkins, aka Freriks, Place, Hurslander and Gorrell. (ECF No. 1.) Plaintiff alleges that on February 1, 2020, defendant Fererkins used excessive force when he slammed the tray-slot/food-port on plaintiff's hand, causing injuries to plaintiff's left index finger and thumb. (<u>Id.</u> at 10.) Plaintiff alleges that all

4

defendants failed to summon medical care to treat plaintiff's injuries after this incident.  (Id. at 10-14.)

*Defendant Fererkins*

On November 15, 2021, defendants sent plaintiff a letter stating that defendant Fererkins passed away on October 31, 202.  (ECF No. 52-1 at 20.)  Defendants informed plaintiff that based on defendant Fererkins' death, the response to plaintiff's discovery requests on defendant Fererkins's behalf were not completed and would not be provided.  (Id.)

On November 23, 2021, defendants filed a notice of death regarding defendant Fererkins. (ECF No. 30.)

On May 23, 2022, the undersigned recommended that plaintiff's motion to substitute parties on behalf of defendant Fererkins be denied.  (ECF No. 56.)  These findings and recommendations are pending.

Because no party has been substituted for defendant Fererkins, plaintiff's motion to compel further responses to request for production of documents nos. 7-9 as to defendant Fererkins is denied.  If a party is later substituted, the undersigned will consider a request for limited discovery regarding plaintiff's claims against defendant Fererkins.

*Request No. 7*

Request no. 7 sought,

> Any and all formal and informal written complaints (including 602 forms), against any of the above-listed defendants, alleging excessive use of force that occurred prior to February 21, 2020 to present (including written responses, appeals, reports, investigations, and/or correspondence regarding the complaints).

(ECF No. 52-1 at 25.)

Defendants objected to request no. 7, in part, on the grounds that the documents sought were not relevant to any claim or defense.  (Id.)

As discussed above, plaintiff alleges that defendants Place, Hurslander and Gorrell failed to summon medical care for plaintiff.  Plaintiff does not allege that these defendants used excessive against plaintiff.  For these reasons, written complaints against these defendants alleging excessive force are not relevant to plaintiff's claims.  Accordingly, plaintiff's motion to

5

compel as to request no. 7 is denied.

*Request No. 8*

Request no. 8 sought,

> Any and all informal written complaints (including 602 forms), against any of the above-listed defendants, alleging intentional denial of medical care that occurred prior to February 21, 2020 to present (including written responses, appeals, reports, investigations, and/or correspondence regarding the complaints).

(Id. at 26.)

Defendants objected to request no. 8, in part, on the grounds that the documents sought were not relevant to any claim or defense. (Id.) Defendants also objected, in part, that request no. 8 was overbroad as it failed to identify a relevant timeframe. (Id.)

The undersigned agrees that request no. 8 is overbroad in that it fails to identify a relevant timeframe. The undersigned also finds that request no. 8 seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. This action alleges that defendants Place, Hurslander and Gorrell violated the Eighth Amendment by failing to summon medical care for plaintiff. The issues are solely related to defendants' actions taken toward plaintiff, therefore making their treatment of other inmates not relevant. Brooks v. Tate, 2013 WL 4049058, at *2 (E.D. Cal. Aug. 7, 2013) (third-party prisoner complaints alleging inadequate medical care not relevant to whether defendant was deliberately indifferent to plaintiff); Gallagher v. Department of Corrections, 2017 WL 347467, at *2 (W.D. Wash. Jan. 24, 2017) ("The facts and circumstances of each inmate's medical condition are different, and therefore, whether nor not a particular inmate filed a grievance as to his medical condition is not relevant to this case.").

Plaintiff suggests that grievances by other inmates alleging inadequate medical care could demonstrate a pattern or practice by defendants of failing to provide adequate medical care. (ECF No. 57 at 6-7.) "Any 'pattern' involving defendants' care of others ... has no bearing on the present question: whether defendants were deliberately indifferent to plaintiff's medical needs." Salinas v. Wang, 2021 WL 1060160, at *1 (E.D. Cal. March 18, 2021); Brooks v. Tate, 2013 WL 4049058, at *2 (same).

6

Accordingly, plaintiff's motion to compel as to request no. 8 is denied.

*Request No. 9*

Request no. 9 sought,

> Any and all formal and informal written complaints (including 602 forms), against any of the above-listed defendants alleging intentional denial of prescribed medications that occurred prior to February 21, 2020 to present (including written responses, appeals, reports, investigations, and/or correspondence regarding the complaints).

(ECF No. 52-1 at 27.)

Defendants objected to request no. 9, in part, on the grounds that the documents sought were not relevant to any claim or defense. (Id.) Defendants also objected, in part, that request no. 9 was overbroad as it failed to identify any relevant timeframe. (Id.)

As stated above, plaintiff alleges that defendants Place, Hurslander and Gorrell violated the Eighth Amendment by failing to provide plaintiff with medical care for her injured hand after defendant Fererkins slammed plaintiff's hand in the food-tray/sally-port. Plaintiff does not allege that defendant Place or Hurslander denied plaintiff prescribed medication. While plaintiff alleges that defendant Gorrell denied plaintiff's request for medical care for her injured hand and refused to give plaintiff's her olanzapine p.m. medication (ECF No. 1 at 12), plaintiff does not appear to state a separate claim against defendant Gorrell based on the alleged denial of olanzapine. For these reasons, the undersigned finds that the documents sought in request no. 9 are not relevant to this action.

If plaintiff is alleging a separate claim against defendant Gorrell based on the denial of her medication, request no. 9 is overbroad in that fails to identify a relevant timeframe. Moreover, grievances filed by other inmates against defendant Gorrell alleging denial of medication are not relevant to whether defendant Gorrell acted with deliberate indifference when he allegedly denied plaintiff olanzapine. Brooks v. Tate, 2013 WL 4049058, at *2 (E.D. Cal. Aug. 7, 2013) (third-party prisoner complaints alleging inadequate medical care not relevant to whether defendant was deliberately indifferent to plaintiff); Gallagher v. Department of Corrections, 2017 WL 347467, at *2 (W.D. Wash. Jan. 24, 2017).

Accordingly, plaintiff's motion to compel as to request no. 9 is denied.

III.     Motion for Deposition Transcript

Plaintiff requests that defendants be ordered to provide her with a copy of the transcript from her deposition. (ECF No. 51.)

In the opposition, defendants state that on November 18, 2021, defense counsel deposed plaintiff. (ECF No. 55-1 at 2.) On December 22, 2021, defense counsel learned that the court reporting company mailed the transcript from plaintiff's deposition to plaintiff without the errata sheet. (Id.) On December 29, 2021, defense counsel received an email from the court reporting company confirming the error in plaintiff's transcript mailing and that a revised transcript package had been mailed to plaintiff. (Id.)

On April 7, 2022, the litigation coordinator at Mule Creek State Prison ("MCSP") informed defense counsel that a second package from the court reporting company containing an errata sheet was received, dated December 27, 2021. (Id.) However, due to plaintiff's housing placement and the pandemic-related quarantine, a review of the transcript was delayed. (Id.) According to defendants, the review was also delayed by plaintiff's refusal to review the transcript with correctional staff present. (Id.)

On April 26, 2022, upon obtaining permission from the court reporting company to share a courtesy copy of the court reporter's work product with plaintiff directly, defense counsel mailed a copy of the deposition transcript to plaintiff, together with an errata sheet and verification page. (Id.)

The law does not require that plaintiff be provided a free copy of her deposition transcript unless she paid for a copy and defendants are under no obligation to provide plaintiff with a free copy of the transcript. Furthermore, plaintiff's in forma pauperis status does not authorize the expenditure of public funds for deposition transcripts. 28 U.S.C. § 1915; Tedder v. Odel, 890 F.2d 210, 211–12 (9th Cir. 1989) (per curiam) ("[T]he expenditure of public funds [on behalf of an indigent litigant] is properly only when authorized by Congress'") (quoting United States v. MacCollom, 426 U.S. 317, 321 (1976)).

////

8

However, because defendants provided plaintiff with a free copy of the transcript, plaintiff's motion for defendants to provide her with a copy of the transcript is denied as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 50) is denied;
2. Plaintiff's motion for a copy of her deposition transcript (ECF No. 51) is denied.

Dated: June 28, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Jac144.com(2).kc